OPINION OF THE COURT
FISHER, Circuit Judge.
We are asked in this appeal to determine whether the District Court erred in *254 holding that, under Pennsylvania law, an insurer cannot seek equitable contribution from another insurer of a mutual insured when it failed to present evidence demonstrating it made payments on behalf of the mutual insured. For the reasons stated herein, we will affirm.
I.
We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.
Atlas America, Inc. (“America”) is in the business of owning and developing various natural gas production wells. Its wholly-owned subsidiary Atlas Resources (“Resources”) was the operator of certain America wells, including the well at issue in this case (the “Ronco well”). America entered into a master work agreement with Gene D. Yost & Sons, Inc. (‘Yost”) for the purpose of engaging Yost to drill natural gas development wells, including the Ronco well. Resources entered into a drilling contract with Yost specifically for the Ronco well. The drilling contract, to which only Yost and Resources are parties, contains an assumption of liability clause that states that Resources will indemnify Yost for claims arising out of Yost’s conduct under the drilling contract.
The parties in interest in this case are the insurance companies of America, Resources and Yost. Plaintiff-appellants Great Northern Insurance Company (“Great Northern”) and Federal Insurance Company (“Federal”) are both members of the Chubb Group of Insurance Companies (collectively “Chubb”). Great Northern issued a primary policy on which America was the first named insured and Resources was an additional named insured. Federal issued an umbrella policy on which both America and Resources were named insureds. Defendant-appellee Greenwich Insurance Company (“Greenwich”) issued a policy on which Yost was a named insured and Resources was an additional insured.
On February 2, 2004, a blow-out occurred at the Ronco well. The resulting fire and by-products caused property damage to homes, automobiles, and personal property of third parties in nearby towns. As a result of cleanup expenses and damage incurred by third parties, Chubb paid out the Great Northern policy limit of $1,000,000 and an additional $605,366.83 under the Federal umbrella policy.
Chubb seeks equitable contribution from Greenwich on the grounds that some portion of its payments was in discharge of Greenwich’s obligation to pay on behalf of Resources as an additional named insured on Yost’s Greenwich policy. The District Court granted judgment in favor of Greenwich. This timely appeal followed.
II.
The District Court exercised jurisdiction under 28 U.S.C. § 1332(a)(1) and applied the choice of law rules applicable in the Commonwealth of Pennsylvania. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review the denial of a request for an equitable remedy for abuse of discretion. Holmes v. Pension Plan of Bethlehem Steel Corp., 213 F.3d 124, 134 (3d Cir.2000).
III.
To recover on a claim of equitable contribution under Pennsylvania law, an insurer must show by a preponderance of the evidence that (1) it is one of several parties liable for a common debt or obligation; and (2) it discharged the debt for the benefit of the other parties. See In re Mellon’s Estate, 347 Pa. 520, 32 A.2d 749, 757 (1943).
*255 At trial, Chubb successfully showed that it and Greenwich were liable under their respective insurance policies for a common obligation to Resources, thus satisfying the first element of an equitable contribution claim. However, because the District Court could not determine whether any of the third-party damage claims were paid on behalf of Resources, the District Court held that Chubb’s failure to allocate liability between the insureds caused its claim for equitable contribution to fail. (See App. at A114 (“I have serious questions about how I will do this allocation when nothing has been presented to me. It could be a hundred percent, it could be zero percent.”).)
We agree with the District Court that Chubb offered insufficient evidence at trial to guide the Court in apportioning the claim payments between America and Resources. Chubb’s claims adjuster offered contradictory testimony regarding the basis for having made the claim payments, indicating in deposition that all payments had been made on behalf of America and then indicating at trial that payments had been made on behalf of Resources as the operator of the well. Pre-suit correspondence from Chubb consistently maintained that payments had been made on behalf of America exclusively. While we recognize, as did the District Court, that it is industry practice to refer to a policy by the first named insured, this does not excuse the absence of evidence of specific apportionment when an insurer turns to a court seeking equitable contribution.[1]
Additionally, Chubb failed to introduce evidence of negligence or other legal liability on behalf of Resources for the blowout. The Chubb claims adjuster indicated that there could have been liability as a result of actions by an insured, but never attempted to apportion specific liability to America or Resources. Absent an indication of how to allocate legal liability, the District Court was left to speculate as to whether Chubb made any payments whatsoever on behalf of Atlas Resources.
On appeal, Chubb primarily contends that the District Court erred when it failed to recognize the indemnity clause contained in the drilling contract between Yost and Resources. We find this argument irrelevant. The dispositive question is allocation of payments between America and Resources — e.g., what portion of Chubb’s payment covered Resources’ liability and therefore potentially implicates Greenwich’s policy. Assuming arguendo that Resources was required to contractually indemnify Yost, we would merely have one more unquantifiable basis for Resource’s liability. Because, on the facts before us, it remains possible that Chubb paid nothing on behalf of Resources, this contractual indemnification argument gets us no further into the second element of an equitable contribution claim.
Finally, Chubb contends that the practical effect of the District Court’s determination is that insurance claims adjusters will be forced to apportion liability and thereby have the power to “make legally binding liability determinations” which would effectively “usurp the judicial system and produce subjective results.” (Chubb Br. at 25.) We disagree. A claims adjuster’s determination of respective liability, while certainly helpful, would *256 not have been the only evidence that might have aided the District Court in its equitable apportionment. Evidence of comparative negligence on the part of the insureds, acknowledgment of shared liability or payment on behalf of a mutual insured, or even a concerted effort by the litigants to reduce general allegations to specific numbers might guide the court’s analysis. At bottom, a claim for equitable contribution calls upon the power of the court to design a remedy that is fair. Fairness cannot be fashioned from speculation.
Because Chubb failed to prove by a preponderance of the evidence that it discharged debt for the benefit of Resources, the District Court did not abuse its discretion in finding that Chubb failed to satisfy the second element of its claim for equitable contribution.
IV.
For the foregoing reasons, we will affirm the order of the District Court.

. We note that the District Court was persuaded, as are we, by the California appellate court's opinion in Crusader v. USF&G Insurance Co., 2007 WL 1140417 (Cal.Ct.App. Apr. 18, 2007), addressing a similar situation. In Cmsader, two insurers contributed unequally to a lump settlement of lawsuits against their mutual insured. In the subsequent equitable contribution suit, the court held that the plaintiff had failed to produce evidence of how the settlements were apportioned and that the court was therefore unable to fashion an equitable remedy between the parties.